Filed 6/17/16  P. v. Murphy CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOEL ALEXANDER MURPHY,<br><br>    Defendant and Appellant. | G051941<br><br>(Super. Ct. No. 10WF0128)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant was found ineligible for Proposition 47 relief on the basis he had previously sustained a conviction for vehicular manslaughter. Appellant admits vehicular manslaughter is a disqualifying offense for purposes of Proposition 47. But because his conviction for that offense arose *after* the conviction which was the subject of his Proposition 47 petition he contends the trial court erred in denying his petition. We disagree and affirm the trial court's ruling.

PROCEDURAL BACKGROUND

In 2010, appellant pleaded guilty to felony drug possession (Health & Saf. Code, § 11350) and two misdemeanor charges. The trial court deferred entry of judgment on condition appellant complete a drug treatment program. When appellant failed to complete the program, the court placed him on three years' probation.

Appellant's performance on probation was abysmal. In 2011, he admitted violating probation and served 90 days in jail. Then, in June of 2012, he was charged with several crimes, including gross vehicular manslaughter while intoxicated in violation of Penal Code section 191.5.[1] Appellant pleaded guilty to, and was sentenced to prison for, that offense in February 2013.

Following the passage of Proposition 47 in the fall of 2014, appellant petitioned the trial court to reduce his drug conviction to a misdemeanor. However, the court found appellant was ineligible for Proposition 47 relief due to his conviction for vehicular manslaughter. It therefore denied his petition.

DISCUSSION

Appellant contends the trial court's ruling was erroneous because his vehicular manslaughter conviction arose *after* his drug conviction. However, the order of appellant's convictions is immaterial. Because he had a disqualifying conviction at the time he filed his Proposition 47 petition, the trial court properly denied his petition.

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

2

Proposition 47 reclassified as misdemeanors a variety of nonserious, nonviolent crimes, including possession of a controlled substance under Health and Safety Code section 11350. (§ 1170.18.) The initiative also allows persons who would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of their crimes to have their convictions reduced to a misdemeanor. (*Ibid.*) Appellant fits the bill in that respect. However, by its terms, Proposition 47 does not apply to defendants who have one or more "prior convictions" for a serious crime such as vehicular manslaughter. (§§ 1170.18, subd. (i), 667, subd. (e)(2)(C)(iv)(IV).) Therein lies appellant's predicament.

Appellant argues the phrase "prior convictions" in section 1170.18, subdivision (i) refers only to convictions that precede the crime that is the subject of the defendant's reclassification request, but we disagree. Had the drafters of Proposition 47 intended the phrase to have such a limited meaning, they could have easily worded the initiative to reflect that intent. Instead, "[t]he plain language of the statute suggests a general disqualification regardless of when a defendant was convicted of the disqualifying offense." (*People v. Zamarripa* (June 1, 2016, B266850) __ Cal.App.4th __, __ [2016 Cal.App.LEXIS 442, p. 6] [defendant who suffered a disqualifying conviction after the conviction for which he sought reclassification was not eligible for Proposition 47 relief].)

Moreover, as this court has recently explained, the official ballot materials related to Proposition 47 and the Legislative Analyst's analysis of the measure indicate "that, regardless of what 'prior conviction' means in other statutes . . . in section 1170.18, subdivision (i), as applied to redesignation of completed sentences, it means a conviction that occurred *at any time before filing the redesignation application*." (*People v. Montgomery* (June 8, 2016, G051812) __ Cal.App.4th __, __ [2016 Cal.App.LEXIS 455, pp. 10-11] italics added.) Indeed, "when analyzed in terms of accomplishing what the framers and voters intended, a distinction between convictions suffered before the

3

conviction being considered for redesignation and those suffered contemporaneously or afterward makes no sense." (*Id*. at p. 12.) Instead "[w]hat matters . . . is the existence of the [disqualifying] conviction at the time of the application under section 1170.18." (*Ibid.*) Because appellant had a conviction for a disqualifying offense when he filed his application in this case the trial court properly rejected it.

DISPOSITION

The trial court's order denying appellant's petition for relief under Proposition 47 is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

4